ORIGINAL

1  THOMAS E. FRANKOVICH,
   *A Professional Law Corporation*
2  THOMAS E. FRANKOVICH (State Bar No. 074414)
   4328 Redwood Hwy., Suite 300
3  San Rafael, CA 94903
   Telephone:    415/674-8600
4  Facsimile:    415/674-9900

**E-filing**

5  Attorneys for Plaintiffs
   IRMA RAMIREZ and DAREN HEATHERLY

6

7

**FILED**

JUN 07 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

*DMR*

8

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

9

10  IRMA RAMIREZ and DAREN
    HEATHERLY,

11

12            Plaintiffs,

13  v.

14  VIDEO WAVE OF NOE VALLEY;
    MICHAEL KNYSH; LESLIE KNYSH; and
15  COLIN C. HUTTON and GWEN
16  SANDERSON, individuals dba VIDEO
    WAVE OF NOE VALLEY,

17

18            Defendants.

19

20

21

22

23

24

25

26

27

28

CASE NO. **CV 11 2779**

**Civil Rights**

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**

**1st CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*)

**2nd CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3

**3rd CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act)

**DEMAND FOR JURY**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY, each an individual, complains of defendants MICHAEL KNYSH; LESLIE KNYSH; and COLIN C. HUTTON and GWEN SANDERSON, individuals dba VIDEO WAVE OF NOE VALLEY and alleges as follows:

**INTRODUCTION:**

1.    This is a civil rights action for discrimination against persons with physical disabilities, of which class plaintiff IRMA RAMIREZ, plaintiff DAREN HEATHERLY and the disability community are members, for failure to remove architectural barriers structural in nature at defendants' VIDEO WAVE OF NOE VALLEY, a place of public accommodation, thereby discriminatorily denying each plaintiff and the class of other similarly situated persons with physical disabilities access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof. Each plaintiff seeks injunctive relief and damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

2.    Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each is a person with physical disabilities who, on or about November 18, 2010, December 16, 2010 and May 12, 2011, was an invitee, guest, patron, customer at defendants' VIDEO WAVE, in the City of San Francisco, California. At said times and place, defendants failed to provide proper legal access to the retail store, which is a "public accommodation" and/or a "public facility" including, but not limited to entrance, policies and procedures and service counter. The denial of access was in violation of both federal and California legal requirements, and plaintiff IRMA RAMIREZ and plaintiff IRMA RAMIREZ each suffered violation of his/her civil rights to full and equal access, and was embarrassed and humiliated.

**JURISDICTION AND VENUE:**

3.     **Jurisdiction:**  This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*  Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; California Building Code.

4.     **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 1431 Castro Street, in the City and County of San Francisco, State of California, and that plaintiffs' causes of action arose in this county.

**PARTIES:**

5.     Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each is a "physically handicapped person", a "physically disabled person", and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically disabled persons").  Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each is a "person with physical disabilities", as defined by all applicable California and United States laws.  Plaintiff IRMA RAMIREZ suffers from Post-Polio syndrome.  Plaintiff IRMA RAMIREZ  relies primarily on a wheelchair to travel about in public.  Plaintiff DAREN HEATHERLY is afflicted with Multiple Sclerosis and a left hip replacement. Plaintiff DAREN HEATHERLY relies primarily on a wheelchair to travel about in public.

///

///

1  Consequently, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each is a member

2  of that portion of the public whose rights are protected by the provisions of Health & Safety Code

3  §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons")

4  and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons

5  Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

6       6.     Defendants MICHAEL KNYSH; LESLIE KNYSH; COLIN C. HUTTON; and

7  GWEN SANDERSON (hereinafter alternatively collectively referred to as "defendants") are the

8  owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the

9  public accommodation known as VIDEO WAVE, located at/near 1431 Castro Street, San Francisco,

10  California, or of the building and/or buildings which constitute said public accommodation.

11       7.     At all times relevant to this complaint, defendants MICHAEL KNYSH; LESLIE

12  KNYSH; COLIN C. HUTTON; and GWEN SANDERSON, own and operate in joint venture the

13  subject VIDEO WAVE OF NOE VALLEY as a public accommodation. This business is open to

14  the general public and conducts business therein. The business is a "public accommodation" or

15  "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,*

16  Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

17       8.     At all times relevant to this complaint, defendants MICHAEL KNYSH; LESLIE

18  KNYSH; COLIN C. HUTTON; and GWEN SANDERSON are jointly and severally responsible to

19  identify and remove architectural barriers at the subject VIDEO WAVE pursuant to Code of Federal

20  Regulations title 28, section 36.201(b), which states in pertinent part:

21       **§ 36.201     General**

22            (b) *Landlord and tenant responsibilities.* Both the landlord
        who owns the building that houses a place of public accommodation
23       and the tenant who owns or operates the place of public
        accommodation are public accommodations subject to the
24       requirements of this part. As between the parties, allocation of
        responsibility for complying with the obligations of this part may be
25       determined by lease or other contract.

26       28 CFR §36.201(b)

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**PRELIMINARY FACTUAL ALLEGATIONS:**

9.     The VIDEO WAVE, is a retail store, located at/near 1431 Castro Street, San Francisco, California 94114. The VIDEO WAVE, its entrance, policies and procedures and service counter, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act. On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions," each of which has subjected the VIDEO WAVE and each of its facilities, its entrance, policies and procedures and service counter to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

10.     On or about 1980, defendants' and each of them purchased and/or took possessory control of the premises now known as VIDEO WAVE. At all times prior thereto, defendants' and each of them were aware of their obligation prior to the close of escrow, or upon taking possessory interest that public accommodations had a duty to identify and remove architectural barriers and were aware that VIDEO WAVE was not accessible to the disabled. Nevertheless, defendants' and each of them, operated the store as though it was accessible.

11.     At all times stated herein, defendants' and each of them with the knowledge that each of them had a continuing obligation to identify and remove architectural barriers where it was readily achievable to do so, failed to adopt a transition plan to provide better and/or compliant access to the subject accommodation.

12.     At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the VIDEO WAVE as being handicapped accessible and handicapped usable.

13. On or about November 18, 2010, December 16, 2010 and May 12, 2011, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each was an invitee and guest at the subject VIDEO WAVE, for purposes of shopping. Plaintiffs were accompanied by their friend Ben Kinney. Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ are husband and wife.

14. On or about November 18, 2010, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY visited the VIDEO WAVE. Each plaintiff encountered architectural barriers in the form of a three (3) to six (6) inch step/landing and narrow double doors. These barriers completely prevented plaintiff DAREN HEATHERLY from accessing the store and made plaintiff IRMA RAMIREZ access difficult because she was using Canadian crutches. Once inside, plaintiff IRMA RAMIREZ encountered a noncomplying service counter.

15. On or about December 16, 2010, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY returned to VIDEO WAVE. Plaintiff IRMA RAMIREZ was in a power wheelchair. Likewise, plaintiff DAREN HEATHERLY was in a power wheelchair. Again, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY were prevented from entering the store as an able-bodied person due to the step/landing and narrow double doors. A clerk came out of the video store. Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY placed an order and conducted business on the sidewalk. Plaintiffs wanted to see all of the goods and services offered within the store. They could not do so.

16. On or about December 20, 2010, plaintiff IRMA RAMIREZ wrote both the landlord and tenant about their recent December 16, 2010 experience.

///

///

///

///

///

///

///

///

17.     At all times stated herein, there were a number of communications between plaintiff IRMA RAMIREZ and Gwen Sanderson of VIDEO WAVE, to wit:

On or about December 20, 2010, plaintiff IRMA RAMIREZ wrote both the landlord and tenant about access issues.  She wrote:

> "Recently, my husband and I visited Video Wave of Noe Valley, and we couldn't get in.  You see, we both use a wheelchair and there is a step to get in.  Wheelchair users like myself, simply can't get in.  The clerk was very nice to us.  She brought the candy, popcorn and other items we purchased outside of the store.  That was nice but we would like to come into the store and be able to look at the videos and other things.  Also, I noticed that the store has double doors.  A lot of the time these double doors are not wide for a wheel chair unless both doors are open.  You should check to see if only one of the doors is open there is enough room for a wheelchair to pass through.  Is there a way to do a curb cut in or a permanent ramp?  Maybe another entrance?  Maybe what you need is to get a portable light aluminum ramp and install a buzzer and sign for use by the disabled.  For every one inch of step up, you need one foot of ramp.  So, if your step is 5" high, you need a 5ft. ramp.  If it's 8" high, you need a 8ft. ramp.  The sign should say something like: "Press buzzer for ramp assistance."  Maybe make it 11"x17" with the wheelchair symbol in white and blue background.  You've seen those signs, haven't you?
>
> A place that sells ramps is Discount Ramps
>
> 1-888-651-1431
>
> www.discount-wheelchair-ramps.com
>
> There are other places to get a ramp from but here is a start.
>
> If you need information on access you can call Pacific ADA and IT Center in Oakland at 1- 800-949-4232, and ask them to send you all the information they have on access then you will know what to look at and what needs to be done.  I thought the landlord and the tenant should know about this.  That's why I wrote this identical letter to both of you.  It's like letting the right hand know what the left hand is doing!  If you both put your hands and heads together, I know the two of you can fix this problem.  Remember, wheelchair users have an old saying: "Access delayed is Access denied!"  You understand, right?  Anyway, please write me when you get this letter and make me a promise that you will take care of this right away.  Give me a date.  If you are not the one in charge or don't have the responsibility to do it, would you make sure this letter goes to the person in charge or who can make decisions on what to do.  Thanks!"

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

18.     On or about January 6, 2011, Gwen Sanderson of VIDEO WAVE responded stating:

> "This is in response to your letter dated December 20, 2010, which took some time to get to me as it was addressed to the manager and was otherwise waylaid in the mad rush that is the holidays in our shop.
> I was surprised and dismayed to read that you couldn't get into Video Wave as all of our customers who use wheelchairs over the years have been and are able to easily enter our store. Had there ever been an instance in the past of a customer wishing to enter my store and not being able to, I would have dealt with it immediately! I will contact my long term customers who use wheelchairs and talk with them about this. I have looked at the ramp company you referred to and have begun researching the issue you raise further, including seeking referrals to consultants who can evaluate my shop. Thank you for your helpful suggestions, it seems there are more options available than I knew for easier entry into my business."

19.     On or about January 24, 2011, plaintiff IRMA RAMIREZ replied to Ms. Sanderson's letter dated January 6, 2011, stating:

> "Thank you for your letter of January 6, 2011. Am I missing something? There is one entrance right? It has a step, right? So, if there is a step how do your customers who use wheelchairs, as you say, easily enter your store? While you were "surprised and dismayed to read that (I) couldn't get into Video Wave", now I'm surprised, dismayed and confused how your long term customers got in. When you get this letter would you write me back and explain to me what I've asked in my questions. By the time you get this letter you'll probably be able to answer and deal with my December 20, 2010 letter."

20.     On or about February 2, 2011, Gwen Sanderson wrote:

"I spoke with a long term customer who cares and advocates full time for her grown son who uses a heavy motorized wheelchair. She stated that we had always been available to assist in any way needed over the years and have accommodated her and her son with everything they have wanted from us. I have not yet been able to reach another customer who uses a manual wheelchair. I never saw how she entered; but she came and went without assistance. When she first started coming to our store, I asked if she needed us to do anything or if she was able to use our store as needed and she insisted that everything was fine for her. I am still in the process of learning about the details of access; but they are complicated and I am not qualified. We have hired Kim Blackseth, CASP specialist (although we have not yet figured out how we will pay his fees). We have also placed a sign at the front of our store with our phone number and buzzer that rings at our counter. Our second door has always been of great benefit for access. We leave it ajar throughout the hours we are open, widening our doorway to accommodate everyone with ease. We look forward to any improvements that we can do to ease access into our store for all of our customers. I believe this addresses the issues you raised and we will continue beyond those issues to ensure we are doing all that we can."

21.     On or about February 11, 2011, plaintiff IRMA RAMIREZ wrote and asked Ms. Sanderson (5) pointed questions, she wrote:

" I got your letter of February 2, 2011. I guess you don't understand me. So here I go, I'll number for you questions to answer:
1. How does somebody in a power chair or a manual wheel chair get over the step? 2. If you hired Kim Blackseth don't you have to pay him to recommend to you what you should do? 3. Did Kim do a report for you? 4. If he did will you send me a copy? 5. What do you do when someone pushes the buzzer? Write me when you get this letter. So, I can understand you please answer each question. Use questions #1, #2, #3, #4 and #5 above. Thanks!"

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

9

22.     On or about March 3, 2011, Ms. Sanderson replied to plaintiff IRMA

RAMIREZ's December 20, 2010 and February 11, 2011, letters writing:

> "In response to the original concern stated in your letter dated Dec.
> 20, 2010, I have enclosed a copy of proof that we have retained the
> services of a CASP specialist and are moving forward as quickly as
> we are able on that matter.  As of my last letter, I had made an
> appointment with Kim Blackseth to assist me in determining what
> should or could be done. He became unavailable fro that
> appointment and as he could not be available soon enough for me,
> we hired someone who could come right away.  We have gone into
> debt to pay for this inspection.   In order to pay for further
> improvements, we will have to cut staff hours. I believe this answers
> questions #2 and #3. I have been basing my actions thus far upon
> your originally stated issue as I understood it.   I have spent
> considerable time and resources learning about the issues you raised,
> what we can do about them, and what is readily achievable. The
> enclosed certification should satisfy your concerns as you originally
> presented them. To be sure I'm understanding correctly, you state in
> your first letter that you wished to "come into the store and be able
> to look at the videos and other things", felt that you could not do so,
> and requested me to ease access into my store. Is that correct? If that
> truly is your wish, I welcome you to come and do so. Regarding your
> questions #1 and #5, I answered them in my last letter dated
> February 2nd, which you have just responded to.  We assist our
> customers in any way needed. Perhaps you can help me understand
> what you are looking for now.  As I have addressed the issue of
> access, I am now confused as to what the questions in your most
> recent letter are about. Is there something else that you are interested
> in besides access?  If so, what?  How would seeing a CASP report
> or hearing about other people's experiences further your stated goal?
> Do these new questions provide some assistance for you with
> coming into my store?  If so, how? I am only trying to understand
> what more I can do to assist you.  I appreciate you clearing up this
> confusion and clarifying your purpose in writing me."

23.     On or about March 11, 2011, plaintiff IRMA RAMIREZ wrote a final

letter to Ms. Sanderson, stating:

> "I got your letter of March 8, 2011. The CASP Report should address the
> access issues. The CASP Report should state how to solve the problem.
> What doesn't make sense is that for you to make improvements you must
> cut staff. But you do not yet have the report. You have gone into debt but
> the inspection hasn't been done. Most people pay for services after
> they've been rendered. You said you have learned about the issues and
> what is readily achievable. So tell me what's readily achievable. So, who
> is the new expert? When will the inspection be done? Will you send me
> the report? Now, it must be obvious why I'd like to read the report. What
> I want is simple. Independent and simple access into the store. My
> questions are simple. So simple that they speak for themselves. Please
> answer questions 1 and 5 from the last letter. How do you do it. 1. How
> does somebody in a power chair or a manual wheel chair get over the step?
> 5. What do you do when someone pushes the buzzer? Write me when
> you get my letter. I'd like all my questions answered, why is this so hard
> to do? Lastly, I'm sure you'll have all of the access done by April 20,
> 2011. Simple and easy things to do. I won't be writing you after that date.
> It's up to you to do what's right. By the way the ADA was passed almost
> 21 years ago. I think that's plenty of time to figure out the best way to
> provide access. Don't you agree? Thanks!"

24.     On or about May 12, 2011, plaintiff IRMA RAMIREZ and plaintiff DAREN

HEATHERLY returned to VIDEO WAVE. Once again, plaintiffs encountered the same

architectural barriers to entry: a three (3) to six (6) inch step/landing and narrow double doors.

While there, they saw a sign which read: "Ring buzzer for assistance or call this number."

Plaintiffs still could not access the store. Plaintiff DAREN HEATHERLY pushed the buzzer.

An employee came out. He was a young male (Caucasian) with long hair. Plaintiff IRMA

RAMIREZ inquired about a ramp. The employee in substance stated that there was no ramp.

Then the employee made a phone call to someone about what assistance should be provided.

He informed plaintiffs that he spoke to his boss and that the store use to have a ramp but it wasn't

proper. While waiting for the employee to get back to them, plaintiff IRMA RAMIREZ and

plaintiff DAREN HEATHERLY perused a video rack.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

11

1    There was a sale.  (Five (5) videos for $25.00.  Plaintiffs selected three (3) videos but because

2    plaintiffs could not enter the video store and shop for two (2) more videos, they were unable to

3    get the discounted rate).  Therefore, plaintiffs did not make a purchase.  Instead, plaintiffs

4    patronized the Little Chihuahua restaurant located in the vicinity of 24TH Street and Castro Street

5    validating that they visited the area.

6         25.    On or about May 31, 2011, Gwen Sanderson wrote plaintiff IRMA

7    RAMIREZ.  The letter stated:

> "I understand that you may have come by the store on Thursday, May 12.
> That is the only day my partner and I both have off during the week. We are
> sorry to have missed you.  We are also sorry that our employee did not see
> the portable ramp we had just received.  As we had just had to return two
> others, and had not finished testing it and having our experts look at it, we
> had not trained our staff on its use.  He also did not recognize the ramp as
> it was hanging backwards on a wall and he thought it was shelving.  We
> believe that this new ramp is a good short-term solution and have now
> trained our staff to use it.  While we continue working with the building
> owner to seek a more permanent solution to our entrance, we are also
> ensuring that our interior store space has the proper space between our
> shelving and designing a solution that allows us to keep our extra wide
> entrance but provide for the proper minimum width. I have been going to
> door shops, talking with door specialists, as well as the time spent in
> workshops and consulting with experts. When we have a clear
> understanding of the work needed and the feasibility of that work, we will
> share that plan with you right away. Be assured that barriers will be
> removed, and, now that we are aware of our obligation, changes will be
> implemented. Thank you for bringing this to our attention."

21        26.    Since November 18, 2010, defendants have failed to act reasonably and fulfill their

22    obligation to identify and remove architectural barriers where it is readily achievable to do so.  On

23    July 26, 2011, it will be twenty-one (21) years since the Americans with Disabilities Act passed.

24    It does not appear that VIDEO WAVE will have removed the barriers complained of in a timely

25    fashion.  Almost six (6) months passed since plaintiff IRMA RAMIREZ and plaintiff DAREN

26    HEATHERLY have been denied access.

27    ///

28    ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  The simplest barrier removal has not been done. Defendant GWEN SANDERSON's letter of

2  May 31, 2011 was but another excuse in a long line of excuses, inaction and discriminatory

3  tendencies to warrant a multiplier under California Civil Code §52, et seq.

4       27.    Therefore, at said time(s) and place, plaintiff IRMA RAMIREZ and plaintiff

5  DAREN HEATHERLY, each a person with a disability, encountered the following inaccessible

6  elements of the subject VIDEO WAVE, which constituted architectural barriers and a denial of the

7  proper and legally-required access to a public accommodation to persons with physical disabilities

8  including, but not limited to:

9            a.    lack of directional signage providing sufficient

10               information for a disabled person to gain access;

11           b.    lack of an accessible entrance due to a three (3) -
              six (6) inch step/landing and narrow double

12               doors;
          c.    lack of signage, policies, procedures and

13               guidelines to ensure the persons with disabilities
              to the maximum extent possible have an

14               opportunity to share in the same goods, services

15               and opportunities as those afforded to able-
              bodied persons;

16           d.    lack of an ADAAG compliant service/register

17               counter; and
          e.    On personal knowledge, information and belief,

18               other public facilities and elements too numerous

19               to list were improperly inaccessible for use by

20               persons with physical disabilities.

21      28.    At all times stated herein, the existence of architectural barriers at defendants'

22 place of public accommodation evidenced "actual notice" of defendants' intent not to comply with

23 the Americans with Disabilities Act of 1990 either then, now or in the future.

24      29.    At all times stated herein, defendants, and each of them, did not act as reasonable and

25 prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not removing

26 architectural barriers that would foreseeably prevent plaintiff IRMA RAMIREZ and plaintiff DAREN

27 HEATHERLY from receiving the same goods and services as able bodied people and some of which

28 may and did pose a threat of harm and/or personal injury to people with disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

30.    As a legal result of defendants MICHAEL KNYSH; LESLIE KNYSH; COLIN C. HUTTON; and GWEN SANDERSON's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to each plaintiff and other persons with disabilities, each plaintiff suffered the damages as alleged herein.

31.    As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each suffered violations of each plaintiff's civil rights, including but not limited to rights under Civil Code §§54, 54.1 and 54.3.

32.    Further, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his/her damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that usually associated with the discrimination and physical injuries claimed, and no expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

33.    Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY harm as stated herein.

34.     Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each was denied his/her rights to equal access to a public facility by defendants MICHAEL KNYSH; LESLIE KNYSH; COLIN C. HUTTON; and GWEN SANDERSON, because defendants MICHAEL KNYSH; LESLIE KNYSH; COLIN C. HUTTON; and GWEN SANDERSON maintained a store without access for persons with physical disabilities to its facilities, including but not limited to the entrance, policies and procedures and service counter, and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to each plaintiff and other persons with physical disabilities in these and other ways.

35.     On information and belief, construction alterations carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

36.     Each plaintiff, as described hereinbelow, seeks injunctive relief to require the VIDEO WAVE OF NOE VALLEY to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the video store as a public facility.

37.     Each plaintiff seeks damages for violation of his/her civil rights for each of their respective visits on November 18, 2010, December 16, 2010 and May 12, 2011 and seeks statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his/her visit that the trier of fact (court/jury) determines was the date that some or all remedial work should have been completed under the standard that the landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY from returning to the subject public accommodation because of his/her knowledge and/or belief that neither some or all architectural barriers had been removed and that said premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.

38.     On information and belief, defendants have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

39.     Because of defendants' violations, each plaintiff and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as plead herein. Each plaintiff seeks an order from this court compelling defendants to make the VIDEO WAVE OF NOE VALLEY accessible to persons with disabilities.

40.     On information and belief, defendants have intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements under the requirements of ADAAG and California Building Code. The acts and omission of defendants, and each of them, in failing to provide the required accessible public facilities at the time of each plaintiff's visit and injuries, indicate actual and implied malice toward each plaintiff, and despicable conduct carried out by defendants, and each of them, with a willful and conscious disregard for the rights and safety of each plaintiff and other similarly situated persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of defendants, and each of them, to other operators and landlords of other video rentals and sales and other public facilities, and to punish defendants and to carry out the purposes of the Civil Code §§ 51, 51.5 and 54.

41.     Each plaintiff is informed and believes and therefore alleges that defendants MICHAEL KNYSH; LESLIE KNYSH; COLIN C. HUTTON; and GWEN SANDERSON, and each of them, caused the subject building(s) which constitute the VIDEO WAVE to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building(s) of the VIDEO WAVE OF NOE VALLEY  and were denied full and equal use of said public facilities.

///

///

1   Furthermore, on information and belief, defendants have continued to maintain and operate said

2   store  and/or its building(s) in such conditions up to the present time, despite actual and

3   constructive notice to such defendants that the configuration of VIDEO WAVE OF NOE

4   VALLEY  and/or its building(s) is in violation of the civil rights of persons with physical

5   disabilities, such as plaintiff IRMA RAMIREZ, plaintiff DAREN HEATHERLY and other

6   members of the disability community.  Such construction, modification, ownership, operation,

7   maintenance and practices of such public facilities are in violation of Civil Code §§51, 51.5 and

8   54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

9          42.      On personal knowledge, information and belief, the basis of defendants' actual and

10  constructive notice that the physical configuration of the facilities including, but not limited to,

11  architectural barriers constituting the VIDEO WAVE OF NOE VALLEY and/or building(s) was

12  in violation of the civil rights of persons with physical disabilities, such as each plaintiff, includes,

13  but is not limited to, communications with invitees and guests, plaintiff IRMA RAMIREZ herself,

14  sponsors of conferences, owners of other stores, restaurants, hotels, motels, Noe Valley Business

15  Association and businesses, notices they obtained from governmental agencies upon modification,

16  improvement, or substantial repair of the subject premises and other properties owned by these

17  defendants, newspaper articles and trade publications regarding the Americans with Disabilities

18  Act of 1990 and other access laws, public service announcements by former U.S. Attorney

19  General Janet Reno between 1993 and 2000, and other similar information.  Defendants' failure,

20  under state and federal law, to make the VIDEO WAVE OF NOE VALLEY  accessible is further

21  evidence of defendants' conscious disregard for the rights of plaintiffs and other similarly situated

22  persons with disabilities.  Despite being informed of such effect on each plaintiff and other

23  persons with physical disabilities due to the lack of accessible facilities, defendants, and each of

24  them, knowingly and willfully refused to take any steps to rectify the situation and to provide full

25  and equal access for each plaintiff and other persons with physical disabilities to the VIDEO

26  WAVE OF NOE VALLEY.

27  ///

28  ///

1   Said defendants, and each of them, have continued such practices, in conscious disregard for the

2   rights of each plaintiff and other persons with physical disabilities, up to the date of filing of this

3   complaint, and continuing thereon.  Defendants had further actual knowledge of the architectural

4   barriers referred to herein by virtue of the demand letter addressed to the defendants and served

5   concurrently with the summons and complaint.  Said conduct, with knowledge of the effect it was

6   and is having on plaintiffs and other persons with physical disabilities, constitutes despicable

7   conduct in conscious disregard of the rights and safety of each plaintiff and of other similarly

8   situated persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

9        43.     Plaintiff IRMA RAMIREZ, plaintiff DAREN HEATHERLY and the disability

10  community, consisting of persons with disabilities, would, could and will return to the subject

11  public accommodation when it is made accessible to persons with disabilities.

12  **I.    FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC**
    **ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
13  **DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
    (On behalf of Plaintiff IRMA RAMIREZ and Plaintiff DAREN HEATHERLY, and
14  Against Defendants MICHAEL KNYSH; LESLIE KNYSH; and COLIN C. HUTTON
15  and GWEN SANDERSON, individuals dba VIDEO WAVE OF NOE VALLEY,
    inclusive)
16  (42 U.S.C. §12101, *et seq.*)

17       44.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

18  the allegations contained in paragraphs 1 through 43 of this complaint.

19       45.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

20  §12101 regarding persons with physical disabilities, finding that laws were needed to more fully

21  protect:

22              some 43 million Americans with one or more physical or mental
                disabilities; [that] historically society has tended to isolate and
23              segregate individuals with disabilities; [that] such forms of
                discrimination against individuals with disabilities continue to be
24              a serious and pervasive social problem; [that] the nation's proper
                goals regarding individuals with disabilities are to assure equality
25              of opportunity, full participation, independent living and economic
                self-sufficiency for such individuals; [and that] the continuing
26              existence of unfair and unnecessary discrimination and prejudice
                denies people with disabilities the opportunity to compete on an
27              equal basis and to pursue those opportunities for which our free
                society is justifiably famous.
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

46.    Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

47.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)    PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> ---
>
> (E) a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment.

42 U.S.C. §12181(7)(E)

48.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

49.   The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (I)   the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

> (ii)   a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

> (iii)   a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

> (iv)   a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

> (v)   where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of each plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

50.   The removal of the barriers complained of by plaintiffs as hereinabove alleged were at all times after January 26, 1992 "readily achievable" as to the subject building(s) of VIDEO WAVE OF NOE VALLEY   pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).   On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable." On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

51.   Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities involved. Each plaintiff alleges that properly repairing, modifying, or altering each of the items that plaintiffs complains of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

52.   On information and belief, construction work on, and modifications of, the subject building(s) of VIDEO WAVE OF NOE VALLEY occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

53.   Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as each plaintiff is being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiff is about to be subjected to discrimination in violation of §302. Each plaintiff is deterred from returning to or making use of the public facilities complained of herein so long as the premises and defendants' policies bar full and equal use by persons with physical disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

54.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this section, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each has not returned to defendants' premises since on or about May 12, 2011, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of each plaintiff and of other persons with physical disabilities to access this public accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

55.    Each plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. Each plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

II.    **SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY, and Against Defendants MICHAEL KNYSH; LESLIE KNYSH; and COLIN C. HUTTON and GWEN SANDERSON, individuals dba VIDEO WAVE OF NOE VALLEY, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.)*

56.    Plaintiffs replead and incorporate by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 55 of this complaint.

57.    At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.  This section provides that:

(a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

58.    California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

59.    California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

60.    Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each is a person within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1. Each plaintiff has been and continue to be denied full and equal access to defendants' VIDEO WAVE.

///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  As a legal result, each plaintiff is entitled to seek damages pursuant to a court or jury

2  determination, in accordance with California Civil Code §54.3(a) for each day on which he/she

3  visited or have been deterred from visiting the subject video store because of his/her knowledge

4  and belief that the store is inaccessible to persons with disabilities. California Civil Code §54.3(a)

5  provides:

> Any person or persons, firm or corporation, who denies or
> interferes with admittance to or enjoyment of the public facilities
> as specified in Sections 54 and 54.1 or otherwise interferes with
> the rights of an individual with a disability under Sections 54, 54.1
> and 54.2 is liable for each offense for the actual damages and any
> amount as may be determined by a jury, or the court sitting without
> a jury, up to a maximum of three times the amount of actual
> damages but in no case less than . . .one thousand dollars ($1,000)
> and . . . attorney's fees as may be determined by the court in
> addition thereto, suffered by any person denied any of the rights
> provided in Sections 54, 54.1 and 54.2.

Civil Code §54.3(a)

61.     On or about November 18, 2010, December 16, 2010 and May 12, 2011, plaintiff
IRMA RAMIREZ and plaintiff DAREN HEATHERLY on each of their respective visits as stated
herein suffered violations of Civil Code §§54 and 54.1 in that plaintiff IRMA RAMIREZ and
plaintiff DAREN HEATHERLY each was denied access to entrance, policies and procedures and
service counter and other public facilities as stated herein at the VIDEO WAVE OF NOE
VALLEY and on the basis that plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY
each was a person with physical disabilities.

62.     As a result of the denial of equal access to defendants' facilities due to the acts
and omissions of defendants, and each of them, in owning, operating and maintaining these
subject public facilities, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each
suffered violations of each plaintiff's civil rights, including but not limited to rights under Civil
Code §§54, 54.1 and 54.3.

63. Further, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to each plaintiff's damages as hereinafter stated. Defendants' actions and omissions to act constituted discrimination against each plaintiff on the sole basis that each plaintiff is a person or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

64. Each plaintiff has been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of each plaintiff's rights as a person or an entity that represents persons with physical disabilities on or about November 18, 2010, December 16, 2010 and May 12, 2011, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

65. As a result of defendants', and each of their, acts and omissions in this regard, each plaintiff has been required to incur legal expenses and hire attorneys in order to enforce each plaintiff's rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to the provisions of Civil Code §54.3, each plaintiff therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also to compel the defendants to make their facilities accessible to all members of the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

**III.**   **THIRD CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff IRMA RAMIREZ and Plaintiff DAREN HEATHERLY, and Against Defendants MICHAEL KNYSH; LESLIE KNYSH; and COLIN C. HUTTON and GWEN SANDERSON, individuals dba VIDEO WAVE OF NOE VALLEY, inclusive)
(Civil Code §51, 51.5)

66.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 65 of this complaint.

67.     Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.   The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.

> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

68.  The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

69.  Defendants' acts and omissions as specified have denied each plaintiff full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section." Each plaintiff accordingly incorporates the entirety of his/her above cause of action for violation of the Americans with Disabilities Act at §44, *et seq.*, as if repled herein.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

27

70.    As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each suffered violations of each plaintiff's civil rights, including but not limited to rights under Civil Code §§54, 54.1 and 54.3.

71.    Further, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to each plaintiff's damages as hereinafter stated. Defendants' actions and omissions to act constituted discrimination against each plaintiff on the sole basis that each plaintiff is a person or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

72.    Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY are entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

1  **PRAYER:**

2      Plaintiffs pray that this court award damages and provide relief as follows:

3  **I.  PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**

4  (On Behalf of Plaintiff IRMA RAMIREZ and Plaintiff DAREN HEATHERLY, and

5  Against Defendants MICHAEL KNYSH; LESLIE KNYSH; and COLIN C. HUTTON

6  and GWEN SANDERSON, individuals dba VIDEO WAVE OF NOE VALLEY, inclusive)

7  (42 U.S.C. §12101, *et seq.*)

8      1.    For injunctive relief, compelling defendants MICHAEL KNYSH; LESLIE

9  KNYSH; and COLIN C. HUTTON and GWEN SANDERSON, individuals dba VIDEO WAVE

10 OF NOE VALLEY, inclusive, to make the VIDEO WAVE OF NOE VALLEY, located at 1431

11 Castro Street, San Francisco, California, readily accessible to and usable by individuals with

12 disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies,

13 practice, eligibility criteria and procedures so as to afford full access to the goods, services,

14 facilities, privileges, advantages and accommodations being offered.

15     2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed

16 the prevailing party; and

17     3.    For such other and further relief as the court may deem proper.

18 **II.  PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEO.***

19 (On Behalf of Plaintiff IRMA RAMIREZ and Plaintiff DAREN HEATHERLY,

20 Defendants MICHAEL KNYSH; LESLIE KNYSH; and COLIN C. HUTTON and GWEN

21 SANDERSON, individuals dba VIDEO WAVE OF NOE VALLEY, inclusive)

(California Civil Code §§54, 54.1, 54.3, *et seq.*)

22

23     1.    For injunctive relief, compelling defendants MICHAEL KNYSH; LESLIE

24 KNYSH; and COLIN C. HUTTON and GWEN SANDERSON, individuals dba VIDEO WAVE

25 OF NOE VALLEY, inclusive, to make the VIDEO WAVE OF NOE VALLEY, located at 1431

26 Castro Street, San Francisco, California, readily accessible to and usable by individuals with

27 disabilities, per state law.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

2.     Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation.

3.     Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.     Treble damages pursuant to Civil Code §54.3;

5.     General damages according to proof;

6.     For all costs of suit;

7.     Prejudgment interest pursuant to Civil Code §3291; and

8.     Such other and further relief as the court may deem just and proper.

**III.**    **PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff IRMA RAMIREZ and Plaintiff DAREN HEATHERLY, and Against Defendants MICHAEL KNYSH; LESLIE KNYSH; and COLIN C. HUTTON and GWEN SANDERSON, individuals dba VIDEO WAVE OF NOE VALLEY, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.     All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

2.     Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

3.     General damages according to proof;

4.     Treble damages pursuant to Civil Code §52(a);

5.     For all costs of suit;

///
///
///
///

6.      Prejudgment interest pursuant to Civil Code §3291; and

7.      Such other and further relief as the court may deem just and proper.

Dated: _____, 2011      THOMAS E. FRANKOVICH,
                        ***A PROFESSIONAL LAW CORPORATION***

              By

                   THOMAS E. FRANKOVICH
                   Attorneys for Plaintiff IRMA RAMIREZ and Plaintiff
                   DAREN HEATHERLY

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: _____, 2011      THOMAS E. FRANKOVICH,
                        ***A PROFESSIONAL LAW CORPORATION***

              By

                   THOMAS E. FRANKOVICH
                   Attorneys for Plaintiff IRMA RAMIREZ  and Plaintiff
                   DAREN HEATHERLY

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES