UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IRMA RAMIREZ and DAREN HEATHERLY,<br><br>Plaintiffs,<br><br>vs.<br><br>VIDEO WAVE OF NOE VALLEY; MICHAEL KNYSH; LESLIE KNYSH; and COLIN C. HUTTON and GWEN SANDERSON, individuals dba VIDEO WAVE OF NOE VALLEY,<br><br>Defendants. | Case No: C 11-2779 SBA<br><br>**ORDER GRANTING MOTION TO WITHDRAW**<br><br>Docket 16. |

The parties are presently before the Court on Corfee Stone & Associates' ("CSA") motion to withdraw as counsel of record for Defendants Colin Hutton, Gwen Sanderson, and Video Wave of Noe Valley (collectively "Video Wave"). Dkt. 16. No opposition to the motion has been filed. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS CSA's motion to withdraw, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I. **DISCUSSION**

The Court's Civil Local Rules authorize an attorney to withdraw as counsel of record if: (1) written notice has been given reasonably in advance to the client and all other parties in the action; and (2) the attorney obtains leave of Court. Civ. L.R. 11-5(a); see Darby v. City of Torrance, 810 F.Supp. 275, 276 (C.D. Cal. 1992) (an attorney representing a client

may not withdraw except by leave of court).  In addition, the Local Rules provide that "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear *pro se*, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes . . . , unless and until the client appears by other counsel or *pro se*."  Civil L.R. 11-5(b).

In this district, the conduct of counsel, including the withdrawal of counsel, is governed by the standards of professional conduct required of members of the State Bar of California.  Civ. L.R. 11-4(a)(1); see Nehad v. Mukasey, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal).  California Rule of Professional Conduct 3-700(C)(1)(f) allows withdrawal when a client "breaches an agreement or obligation to the [attorney] as to expenses or fees."  See also Darby, 810 F.Supp. at 276 (failure of a client to pay attorneys' fees is grounds for an attorney to withdraw).

Moreover, California Rule of Professional Conduct 3–700(C)(1) (d) allows withdrawal where the client "renders it unreasonably difficult for [counsel] to carry out the employment effectively."  However, before counsel can withdraw, counsel must comply with California Rule of Professional Conduct 3-700(A)(2), which provides that counsel shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D) (regarding papers), and complying with applicable laws and rules.  See El Hage v. U.S. Sec. Assocs., Inc., 2007 WL 4328809, at *1 (N.D. Cal. 2007).  The decision to permit counsel to withdraw is within the sound discretion of the trial court.  See United States v. Carter, 560 F.3d 1107, 1113 (9th Cir. 2009).

Here, CSA seeks to withdraw on the ground that Video Wave has breached the attorney-client fee agreement executed by the parties.  CSA asserts that it has become

impossible for it to continue to represent Video Wave due to Video Wave's "failure and inability to pay for legal services and fees."

In support of its motion to withdraw, CSA submitted the declaration of Catherine Corfee ("Corfee"), an attorney with CSA.  Corfee Decl., Dkt. 16-1.  CSA also submitted a declaration from the owners of Video Wave, Colin Hutton ("Hutton") and Gwen Sanderson ("Sanderson").  Hutton & Sanderson Decl., Dkt. 16-2.  In her declaration, Corfee attests that Video Wave and all the parties in this action have been informed of CSA's intent to withdraw as counsel of record for Video Wave.  Corfee Decl. ¶¶ 3, 5.  In their declaration, Hutton and Sanderson attest that they have "run out of litigation money" and that they agree with CSA's motion to withdraw as counsel of record.  Hutton & Sanderson Decl. ¶¶ 1-2.

The Court finds that Video Wave's failure to pay attorneys' fees constitutes good cause for withdrawal.  In addition, the Court finds that CSA has complied with the requirements of Civil Local Rule 11-5(a) and the California Rules of Professional Conduct.  CSA has provided notice reasonably in advance to Video Wave and all the other parties that have appeared in this case of its intention to withdraw as counsel of record for Video Wave.  As of May 23, 2012, all parties to this action have been notified of CSA's intent to withdraw.  Dkt. 16; see Corfee Decl. ¶ 5; Hutton & Sanderson Decl. ¶ 1.  The Court also finds that CSA has taken steps to avoid reasonably foreseeable prejudice to the rights of Video Wave by giving due notice of its intent to withdraw and by allowing Video Wave time to obtain substitute counsel.  Indeed, Video Wave has obtained substitute counsel.  On June 4, 2012, a substitution of attorney was filed, indicating that Video Wave is now represented by the Law Offices of Christopher D. Denny.  Dkt. 19.  Accordingly, the Court concludes that withdrawal is appropriate.

II. **CONCLUSION**

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. CSA's motion to withdraw as counsel of record for Video Wave is GRANTED.

2. This Order terminates Docket 16.

1  IT IS SO ORDERED.

2  Dated: 6/26/12

3  _____
   SAUNDRA BROWN ARMSTRONG
   United States District Judge

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28